W. H. POWELL *vs.* BENJAMIN SMITH.

1. Where a promissory note was given by A as principal and B as surety, the consideration of which was the hiring of a substitute in the Confederate States army and afterwards the surety, at the request of the principal, paid off said note at its value, and the principal gave his note to the surety for the amount paid; *Held,*. that the last contract was a new and independant one founded upon the consideration of money paid at the request of the principal and that it was not affected by the illegality of the original note, nor by any knowledge which the surety may have had of that fact.

This was a civil action tried before Watts, Judge, at Fall. Term, 1871, of Franklin Superior Court.

The jury found a special verdict in these words :

"That on the 10th day of October, 1862, the defendant, Smith, with one W. H. Davis, as surety, executed a note under seal to G. W, Blacknall, for $1,500. The consideration of the note was the hiring of a substitute to take the place of the said Smith in the army of the Confederate States, on the 25th of April 1863. Smith paid on said note $500, afterwards the note was endorsed by Blacknall to one Burwell. By agreement between the principal of the note and the surety, Davis, he (Davis) paid to Burwell, the holder, five hundred and four dollars on the 21st July, 1866, which Burwell accepted in full discharge of the note and surrendered it to Davis, thereupon Smith gave his note to Davis for $504.00, and took up the original note. Davis transferred the note in suit without endorsement to W. H. Powell, who had notice of the consideration. Credits had been entered on the note as payments by Smith at different times. The excess over two hundred dollars had been remitted at the time of bringing the suit before a Justice of the Peace, That there is now due on said note the sum of two hundred dollars with interest from February 3d, 1871."

26

Upon the special verdict, His Honor was of opinion that plaintiff was not entitled to recover. A verdict was entered for the defendant. Judgment for costs. Plaintiff appealed to the Supreme Court.

*Jones & Jones* for plaintiff.
*A. M. Lewis* and *C. M. Busbee* for defendants.

Dick, J. The jury find in their special verdict that a note for money which was used in hiring a substitute in the Confederate army ; was executed by defendant and Davis as surety, to Blacknall, who assigned the same to Burwell. Several years afterwards this note was paid off at its scaled value by the surety Davis, at the request of his principal Smith.; and the note which is the subject of this action, was executed by Smith to Davis, who assigned the same to the plaintiff.

This is a new and independant contract, founded upon the consideration of money paid at the request of the defendant by Davis, and his knowledge of the illegality of the original bond does not vitiate this new transaction. Questions of this character have been the subject of much discussion and some conflict in the English Courts, and some of the leading cases were ably and elaborately reviewed by Chief Justice Marshall in the case of *Armstrong* v. *Toler*, 11 Wheaton 258, and the principle governing their case is distinctly enunciated.

"The proposition stated by Lord Mansfield, in *Faikney* v. *Reynous,* that if one person pay the debts of another at his request, an action may be sustained to recover the money, although the original contract was unlawful, goes far in deciding the question now before the Court. That the person who paid the money knew it was paid in discharge of a debt not recoverable at law has never been held to alter the case.

A subsequent express promise is, undoubtedly, equivalent to to a previous request."

PAGE 403.

MOYE *v.* COGDELL—For "action" in first line of syllabus, read "execution."

There was error in the ruling of His Honor, and there must be judgment in this Court for the plaintiff on the special verdict.

